Doney vs. Hastings.

---

Doney, Admr., etc., vs. Hastings.

*Allotments by soldiers.* — *Public officers, when not liable for acts of their clerks.*— *Admissions under mistake of law.*

1. A private soldier of the Wisconsin infantry, in 1864, deposited with one of the clerks in the office of the defendant, who was then state treasurer, certain United States bonds, with merely verbal instructions as to their disposal. *Held*, that this was not an allotment within the act of Congress on that subject, not having been certified in writing; and hence the acceptance of the deposit was no part of the treasurer's official duties under sec. 3, chap. 190, Laws of 1862.

2. The defendant, therefore, was not responsible as a public officer for the safe keeping of the bonds, nor liable for their conversion by the clerk who received them.

3. The defendant's admission that he received the bonds as state treasurer, being made under a mistaken conclusion of law, namely, that their deposit in his office was an allotment, did not preclude him from setting up any other defense which the facts in the case would permit.

ERROR to the Circuit Court for *Dane* County.

Action for the conversion of $600 in government bonds. Judgment having been rendered in the court below in favor of the defendant, the plaintiff sued out his writ of error. The essential facts in the case, as well as the principal points raised on the argument, are stated in the opinion.

*Thorpe & Frisby*, for plaintiff in error.

*S. D. Hastings, Jr.*, for defendant in error.

PAINE, J. The plaintiff's intestate, who was a private soldier in the forty-sixth regiment of Wisconsin infantry,

deposited, in 1864, in the office of the defendant, who was at the time state treasurer, $600 in government bonds, with verbal directions to pay them to his own order, and in case of his death to pay them to one Jesse Doney. He died in the service, and the bonds were afterward delivered to Jesse Doney, in pursuance of his directions so given at the time of depositing them. The entire business was transacted by one of the clerks in the office, the defendant taking no part in it personally, and having no knowledge of it. This action is now brought against him, by the administrator of the deceased soldier, for the alleged conversion of the bonds.

It must be conceded, as the counsel for the plaintiff contend, that this was not an allotment by the soldier, within the law of congress upon that subject. The act required such allotments to be duly certified in writing; and it evidently contemplated that when properly made they would transfer the right to the fund to the allottees. Here there was no certified allotment in writing, and the bonds were to be kept subject to the depositor's own order, except in case of his death.

If the transaction came within the official duties of the treasurer at all, it must have been under the provisions of section 3, chapter 90, Laws of 1862, which is as follows: "The state treasurer is hereby authorized and directed to receive such sums of money as may be placed in his hands by a volunteer making an allotment, and shall dispose of the same according to the order and direction of such volunteer." But the case did not come within that section; for such a deposit was only authorized by a volunteer making an allotment, and here, as we have seen, no allotment was made. It is unnecessary to determine whether the fact that bonds were deposited instead of money would have prevented the application of this section, provided the case would otherwise have been within it.

It is also unnecessary to determine whether the directions given by the soldier, as to the disposition of the property in the

event of his death, can be sustained as a valid testamentary disposition, by a soldier in actual service, within the exception at the close of section 7, chapter 97 of the Revised Statutes. It will be seen, by reference to the case of *Thompson's Will*, 4 Bradf. 154, that questions of nuncupation by soldiers in actual service, and mariners at sea, are settled upon very different principles from those which apply to nuncupative wills generally. It will be in time to determine that question when it becomes necessary.

But here, agreeing with the plaintiff's counsel that this deposit cannot be brought within the statute, for the reason that it was not made by a volunteer making an allotment, it follows that it was no part of the official duty of the treasurer to receive, keep or deliver it. And from this, inasmuch as he had personally nothing to do with it, it follows that he is not liable.

The plaintiff's counsel would hardly contend, that, as a general rule, a public officer would be liable for property deposited with one of his clerks, who converted it to his own use, it being no part of the officer's duty to receive it, and he having no knowledge of and taking no part in the transaction. But he claims a different result here, because the defendant admits in his answer that he received the bonds in his official capacity, as an allotment under the law. But the fact that the defendant contended that this was an allotment, in which event the receipt by the clerk would have been a receipt by him, certainly does not preclude him, if that should be determined against him, from relying upon any other defense. And the answer expressly sets up the fact, which was admitted to be true by the stipulation, that the whole business was transacted by a clerk. Looking at the whole answer, therefore, it is evident that the general admission that the bonds were received by the defendant as treasurer, is a mere legal conclusion, based upon his claim that it was a deposit by a volunteer making an allotment. But

as that legal conclusion was incorrect; it forms no ground of estoppel against the defendant from availing himself of any grounds of defense arising upon the actual facts alleged, and admitted by the stipulation. There is no pretense that the plaintiff was misled by that general admission, or failed to introduce any proofs which he might otherwise have introduced in consequence of it. On the contrary, it is admitted that the bonds were not received by the treasurer, and the plaintiff's counsel contend that it was no part of his official duty to receive them. This being so, the mistaken legal conclusion in the answer, that the receipt by the clerk constituted a receipt by the treasurer in his official capacity, cannot operate to prevent the case from being determined according to the law arising upon the facts as they actually appear.

*By the Court.*— The judgment is affirmed, with costs.